Satterlee
v.
Groat.

---

### E. R. SATTERLEE and OTHERS vs. GROAT.

A person not a common carrier, who sends his servant to transport goods belonging to a particular person, from one place to another, with special instructions not to take the goods of any other person for transportation, is not liable as a common carrier, in case of the loss or embezzlement of the goods. If a servant, with such instructions, takes goods from another person to transport *quoad hoc*, he acts for himself, and on his own responsibility. A person, once a common carrier, is no more liable in that character, than any other person, if it be conclusively shewn that he has abandoned the business.

THIS was an action on the case, against the defendant as a *common carrier*, tried at the Albany circuit in August, 1827, before the Hon. William A. Duer, one of the circuit judges. The facts of the case are stated in the opinion pronounced, except that the motion for a new trial was supported by an affidavit that the plaintiffs were surprised on the trial, by the proof adduced by the defendant, that he had discontinued the business as a common carrier, which they stated they would be able to contradict, in case a new trial was granted. The cause was submitted to the court on written arguments, by

*L. H. Palmer*, for plaintiffs.

*A. Van Ingen*, for defendant.

*By the Court*, SUTHERLAND, J. The defendant was a common carrier between Schenectady and Albany, previous to 1819. He then sold out all his teams but one, which he kept for agricultural purposes on his farm. One witness, however, testified, that defendant employed his team in the carrying and forwarding business, as occasions offered, until 1822 or 1823. But subsequent to that period, there is no evidence whatever of his carrying or forwarding a single load, until April, 1824, when one John Dows applied to him, very urgently, to bring some loads for him from Albany to Schenectady, to which the defendant reluctantly consented, and despatched one *Asia* with his team for the purpose, with special instructions to bring nothing for any other person ; if Dows' goods were not ready, to come back empty. He brought two loads and returned for a third, under the same

instructions, repeated again and again; but Dow's third load not being ready, instead of returning empty as he was directed to do, he applied to the plaintiffs for a load, which they furnished him, to be carried to Frankfort, in Herkimer county. He arrived at Schenectady late at night. The next morning it was discovered that one of the boxes had been broken open, and a part of the goods stolen. The defendant disavowed all responsibility for the goods, before it was discovered that any of them had been taken, and declared that *Asia* had violated his express instructions in bringing them. Asia was subsequently convicted of the theft, and sent to the state prison. The defendant gave immediate notice to the plaintiffs of all the facts, and that he did not hold himself responsible for the goods.

The judge charged the jury, that if the defendant was responsible at all, it was either on the general liability of a common carrier, and that depended upon the fact, whether he was, at the time, a common carrier or not; or upon a special contract for carrying the goods. That it was for the jury to determine, whether the defendant was, at the time, acting in the capacity of a common carrier; and if they believed that the teamster had been specially employed by the defendant, for a particular purpose and object, then he could not bind the defendant by a contract beyond his special employment. The jury found for the defendant.

The law was correctly laid down by the judge. The defendant stood upon the same footing, as though he had never been engaged in the forwarding business. He had abandoned it entirely certainly *one year*, and according to the weight of evidence, four years previous to this transaction. He makes a special contract with Dows to bring goods for him from Albany, and gives his teamster express instructions to bring goods for no one else. He was acting under a special contract, and not in the capacity of a common carrier. Is he then responsible for the act of his servant, done in violation of his instructions, and not in the ordinary course of the business in which he was employed? If a farmer send his servant with a load of wheat to market, and he, without any

UTICA,
Aug. 1828.

Satterlee
v.
Groat.

instructions from his master, applies to a merchant for a return load, and absconds with it, is the master responsible? Most clearly not. It was an act beyond the scope of the general authority of the servant, *quoad hoc*, therefore he acted for himself and on his own responsibilities, and not for his employer.

The verdict is according to the weight of evidence; There is nothing in the ground of surprise; if there was, it should have been the subject of a special motion.

Motion for new trial denied.