Ruffin, Judge.
 

 The instruction given to the Jury, I think, was right. By the statute, every contract to secure money, won at any of the
 
 forbidden
 
 games, is void. And if the bond be contaminated by including in it, however small the portion, money of that kind, it is invalid; because the Court cannot apportion it, and hold the security good for a part, since the statute makes it void for the whole.
 

 The statutes against gaming and usury have always been liberally construed, since they are made for the protection of the unwary and the distressed. Hence no sliiftor device is permitted to defeat them. And however a transaction, once tainted, may be disguised, whatever mutations in
 
 *305
 
 the securities may take place, the whole, as between the same parties, and while continuing in contract, remains forever void. It is true, though once held to the contrary, that the injured party may waive his privilege, as the Court cannot inquire into the facts, and apply the law, unless it be brought to their notice by the plea of the Defendant. But the inquiry is, how long may he plead this matter? When is he deprived of this defence ? The cases all show, that this is a good one, as long as he can make any
 
 ;
 
 that is, until the matter has become
 
 res judi-cata.
 
 It would continue then to be good, if. it could be reached ; and the party is precluded from it, only because a judicial sentence
 
 estops
 
 him from alleging any thing against it. From the necessity of the case too, it follows that whatever be done under such a judgment must be sustained, since to impeach that would be to impeach the judgment itself.
 

 The case of an
 
 award
 
 has been put in argument, as an instance of a valid security, to which the statute could not be pleaded. Without saying yea or nay to that, I reply that if it be so, it must be because it does not stand on the mere act of the parties, but the facts and the law have been passed on, and decided by competent judges of their own choosing. An award is
 
 quasi
 
 a judgment, so far as it operates to conclude the parties upon the point submitted. With these exceptions, the rule is universal, that as between the parties, all gaming contracts never cease to be void. The compromise here could make no difference. It is not like the case of
 
 Turner
 
 v.
 
 Hulme
 
 (4
 
 Esp.
 
 11.) That is a very short note, ami I have no doubt, that the new bond was given for the true debt. If so, there could be no doubt in the case$ for the debtor is bound in morals to pay the real debt and interest, and that will support a bond given for it. The law allows parties to repent, and turn back to what is right. If the bond was for the unlawful interest, it is against principle and all the other cases. It is impossible, that a new security can be taken or given upon the compromise
 
 *306
 
 of a suit, without having reference to the pre-existing rights of the parties, or their claims in that suit. If indeed a bond be given for a sum due for goods sold, and also for money won at cards, arid the creditor corrects that by a surrender of the old bond, and taking a new one for tire just debt, that would be good ; for the true debt was never sunk in the first bond, for that was void: or at all events, it would be revived by the new bond. But, the present case is one, in which either the whole or a part of the sum is the gaming debt itself
 
 \
 
 and therefore, the bond is still void.
 

 Per Curiam. — Let the judgment below be affirmed.