Gass v. Coblens.

---

JAMES GASS, Respondent, v. JOHN T. COBLENS, Appellant.

1. *Damages, action for — Agency.*—No principle in the law is better established than that for the negligence or fault of the agent or servant, while engaged in the principal's service, the principal is liable.

*Appeal from St. Louis Circuit Court.*

*Krum, Decker & Krum,* for appellant.

*P. Donahue,* for respondent.

WAGNER, Judge, delivered the opinion of the court.

This action was brought to recover damages for negligence in leaving open the faucet to a hydrant in the second story of a

warehouse occupied by the appellant, and thereby flooding with water the store of the respondent in the story below. The petition alleges that on the 6th day of July, 1867, the respondent owned and kept a store on the first floor of a building on Main street, in the city of St. Louis ; that the appellant kept a store at that time in the second story of the same building ; that on the said second floor there was a hydrant under the exclusive control of the appellant, and that through his negligence water was left running from the hydrant, so that the floor of the appellant's store became flooded, and such water leaking through the floor damaged the respondent's goods in the store below.

The answer put in issue all the allegations of the petition. Trial was had before the court without a jury, and verdict and judgment for respondent ; and appellant appealed.

Evidence was given by the respondent tending to show that the faucet of the hydrant was left open by the clerks or employees of the appellant, and that through their negligence or carelessness the injury happened.

The appellant introduced evidence to show that the respondent was the owner of the premises and that he rented of him, and that the hydrant had been previously out of order and subject to leak, and the respondent had been notified of that fact. But there was no evidence conducing to show that the damage in question resulted from any defect in the hydrant.

For the respondent, the court declared the law to be that the defendant was responsible for any injury that happened to the plaintiff's goods through the negligence or fault of the defendant's agent while engaged in the service of the defendant. At the request of the appellant, the court instructed : that if from the evidence it appeared that the accident in question was in any degree the result of the neglect of the plaintiff or his employees, the plaintiff was not entitled to recover. The court refused to instruct for appellant that if the plaintiff, previous to the happening of the accident which caused the damage to his goods, had been informed by the defendant that the hydrant or water-pipe leading to it in defendant's store was insufficient, unsafe, or dangerous, and the plaintiff, after having knowledge of the unsafe condition of said hydrant, neglected or failed to remove the

same, then the plaintiff could not recover. The instructions given for the respondent are so clearly right that it requires no special comment. No principle in the law is better established than that for the negligence or fault of the agent or servant, while engaged in the principal's service, the principal is liable. The instruction refused was rightfully refused. It asserted a wrong proposition of law. There was no evidence whatever that the unsafe or defective condition of the hydrant contributed in any wise to the injury, and, such being the case, any previous knowledge that the respondent had in relation thereto was immaterial and unavailing. The appeal is entirely without merit, and the judgment will be affirmed, with five per cent. damages. The other judges concur.