THOMAS A. ALLISON *v.* THE WESTERN N. C. R. R. CO.

Whilst a slave was in the employment of a Railroad Company, as a *Section hand,* he was directed by an agent of the Company, to sleep in a certain house, which had (unknown to the Company and to himself) an open keg of powder standing under one of the beds, placed there a day or two before, for temporary purposes, by a servant of a bridge-contractor with such Company; the slave was killed by an explosion of the powder, caused as was supposed, by fire from a torch whilst he was searching for his hat: *Held,* that the Company was chargeable with the *negligence* of the person who placed, and left the powder in such a position.

CASE, tried before *Buxton, J.,* at July Special Term 1870 of IREDELL Court.

The action had been brought in 1860, to recover damages for the loss of a slave, whilst in the employment of the defendant, in 1859, under a contract of hire as a section-hand.

The slave, with others, had been placed by the Company, for a temporary purpose, under the control of a contractor, who was building a bridge for it. The *Section-Master* accompanied, and remained in charge of them. Whilst so engaged, he was directed to sleep with other slaves of the Company and the contractor, in a house having *bunks* in it for beds. A day or two before his going there, owing to the coming up a sudden rain, a servant of the contractor had ordered a keg nearly full of powder, and open, to be put into the house in question, under a bunk. It remained there until the happening of the accident.

The temporary use of the slave had ceased upon one evening, and on the next morning he was to leave. On that morning, whilst the train was about to go off, he was seen in the house, with a torch, looking for his hat. Just afterwards an explosion took place, and he was killed.

His Honor instructed the jury that the question, whether the slave had been *bailed* to the contractor, or, if so, whether such bailment had terminated, when the injury occurred, was immaterial; that the defendant was under obligation to procure safe quarters for its hands, and that if they should believe that the death occurred by an explosion of powder, the presence of which was unknown to the slave, and that it had been placed there by an agent of one who was using it in the course of fulfilling a contract with the Company, under the circumstances of this case, the defendant was liable.

Verdict for the plaintiff, Rule &c. Judgment, and Appeal.

*Furches,* for the appellant.
*Boyden & Bailey, and Clement, contra.*

HARSHAW *et al.*, Ex'rs. &c. *v.* DOBSON.

READE, J.   To put a number of slaves into a room to cook, eat and sleep, with an open keg of powder under their sleeping bunk, unknown to them, is negligence, and subjects the negligent bailee to damages for any injury to the slaves, by reason of the explosion of the powder.

It is objected, that the bailee did not know of the presence of the powder.   The answer is, that his servant, in the regular course of his employment, put it there; and although the bailee had not that "guilty knowledge" which would subject him to criminal liability, yet, civilly, the act of his servant is his act; *qui facit per alium,* &c.

It makes no difference that the servant was not the *immediate* servant of the bailee, but was the servant of Contractors, who were the agents of the bailee.

"The owner of a ship appoints the master, and desires the master to select and appoint the crew : the crew thus become appointed the owner, and are his servants for the management and government of the ship, and if any damage happens through their default, it is the same as if it happened through the immediate default of the owner himself:" Broom's Maxims, 812..

There is no error.

PER CURIAM.                              Judgment affirmed.