.BARLOW, SANDERSON & CO. v. J. S. EMMERT, *et al.*

1. PRACTICE; *Assignment of Error.* When the error assigned is, that the court erred in its instructions given to the jury, and no exceptions are made to the instructions given, the supreme court cannot review the instructions given. And the assignment of such an error does not authorize an examination of an instruction refused.

2. TRESPASS; *Master and Servant; Pleading.* A petition which, taken as a whole, avers that the injury complained of was produced by the fault and carelessness of the servants of the defendants in the prosecution of the business in which they were employed, although it also shows that said servants were at the time "yelling, whooping, screaming and swearing," and demeaning themselves most improperly, states a good cause of action against the defendants.

*Error from Bourbon District Court.*

ACTION brought by *J. S. Emmert* and *W. A. Cormany,* to recover for injuries to personal property. The petition was as follows:

[TITLE OF ACTION.]    "The plaintiffs show to the court and .allege, that the defendants are a stage company, carrying passengers and baggage, and for that purpose running a daily line of stages from the city of Fort Scott to the town of Paola, and as such stage company were running their coaches from the said city of Fort Scott at the time they committed the wrongs and injuries hereinafter complained of; that the plain-.tiffs, on the 20th of May 1869, were the owners of a pair of iron-gray match horses, wagon, and harness; that about the time the defendants were starting two of their coaches from the Wilder House, in said city of Fort Scott, on said 20th of May, the said team of the plaintiffs, in the custody of a skill-ful and prudent driver were on the street in said city, hitched to the said wagon, and the said defendants fraudulently and wickedly intending to injure the plaintiffs, instead of driving their stage-coaches out of the said city of Fort Scott quietly and carefully as it was their duty to do, started the horses hitched to their coaches in front of said Wilder House at great speed, the said horses being in a gallop, and the driver of one .of said coaches of the defendants cracked his whip very loud :and very often, at the same time yelling, whooping, screaming :and swearing, and thereby by the said cracking of his whip, running his team, and yelling and swearing, greatly frightened the said team of the plaintiffs; and the said defendants by

their aforesaid misconduct, and by running their teams as aforesaid, caused a team hitched upon the streets in said town to run away and run against the team of the plaintiffs, which in consequence of the said misconduct of the defendants, became wholly unmanageable and ungovernable, and while so frightened by the defendants, ran against a brick building, thereby breaking the leg of one of the horses and rendering him wholly useless to the plaintiffs, and also breaking up and greatly injuring the said harness and the said wagon. The plaintiffs aver that the defendants scared and caused their team to run off and break the horse's leg as aforesaid, and break the harness and wagon as aforesaid, thereby causing damage to the plaintiffs in.the sum of $300, for which sum the plaintiffs ask for judgment."

The answer was a general denial. Trial at the June Term 1870. Verdict and judgment for plaintiffs for $250, and *Barlow, Sanderson & Co.* bring the case here on error.

*E. M. Hulett*, for plaintiffs in error:

1. The evidence shows that the teams and coaches of defendants below were in the sole control and custody of their servants, (the drivers of the two teams and coaches,) and shows the absence of the defendants below, and all of them. The petition alleges that the defendants below "fraudulently and wickedly intending to injure the plaintiffs," did the acts complained of. A master is·liable for the *fault* or *negligence* of his servant, but not for his *willful wrong.* 1 East, 166; 17 Penn. St., 24; 8 Texas, 6; 19 Wend., 343.

In *Vanderbilt v. Richmond,* 2 Comst., 469, it was held that the company were not liable for the trespass committed by its servants, although directed so to do by the president and general agent of the company, he having no authority to command an unlawful act. "The injury must arise in the course of some lawful service, but negligently or unskillfully performed; and not be a wanton violation of law on part of servant to render the principal liable." 2 Hil. on Torts, 433.

The court erred in its instructions, as the action is brought upon the grounds of wanton and willful injury by the defendants, and not upon allegation of carelessness or negligence

of such defendants, or on the part of their servants. The court also erred in refusing to give the instruction asked for by the defendant below. Under the theory upon which the case was tried, viz., that the allegations of the petition charged negligence and carelessness upon part of defendants below through their servants, the instruction asked for by defendants below was proper, and should have been given. The injury to plaintiffs' team was directly caused by the running away of the team in front of Drake's store, alleged to have been scared by the stage-driver; and it was necessary for the jury to find that that team was started by defendants' negligent and careless driving, before they could find for the plaintiffs. The court by refusing to give the instruction asked by counsel for defendants in court below, concluded the jury, and entering upon their province charged that the team in front of Drake's was started by the teams and coaches of the defendants, and barely left the question to the jury, whether that driving was careful or careless. But suppose that the driving was negligent and careless: is it not also necessary, in order for the plaintiffs to recover, that they should show that the team in front of Drake's (the undisputed instruments of the injury,) were *caused* to run away by the carelessness and negligence of defendants below, either by themselves or servants?

2. We further submit that the instruction given by the court, to-wit: "And if you believe from the evidence that there was negligence on the part of the defendants or their servants which in fact proximately caused the team at Drake's to run away; and that the injury alleged was proximately caused by a collision of that team with the plaintiffs' immediately thereafter, and by reason of and while the team at Drake's was so running away, then the injury alleged was a proximate result of the negligence of the defendants," is erroneous. The court in the former portion of its instruction lays down the rule "that negligence is only actionable, when it is the natural and proximate cause of the injury complained of." It also says, "it is not requisite that it should

be the necessary cause of the injury, that is, that the injury should necessarily follow as a result of the cause. A proximate cause, is one that is near to a result in the order of causation." Now we submit that a proximate cause is next cause; that which *immediately* precedes and produces the effect or result, and distinguished from remote or predisposing cause. And if this definition is correct, the injury to plaintiffs' team by the collision of the team in front of Drake's store, it could not have been proximately caused by the negligence of defendants below, either by themselves or servants in driving their stage coaches, and hence the judgment rendered below is erroneous.

The court below seemed to be controlled by the case of *Scott v. Shepherd*, reported in 2 W. Black., 893, which is the well known "squib case." The court will bear in mind that in that case the instrument of injury was the identical squib first thrown, and only thrown by others in self-defense, and thus held the proximate cause of the injury to be the original wrongful throwing; and this case was said by Lord Ellenborough to go to the limit of the law. (3 East, 596.) It is entirely dissimilar to the case in hand. Here the injury complained of, as shown by the proof, was, at most, caused not by the negligence or carelessness of these plaintiffs in error, but by their servants; and at best, the injury is remote and mediate, and not proximate or immediate. Is the act of defendants below the natural and proximate cause of the injury to plaintiffs below? Is it not more reasonable to say that the manifest negligence of leaving a team unguarded, and partly unhitched, was the real cause of that team running away? Is it probable that the stage coaches could in the distance of crossing a narrow street have attained to such a speed as to frighten a quiet team, much less a team that was or ought to have been properly guarded? Suppose that the team which did run away had met with some injury: clearly no damages could have been recovered from defendants below, because of the contributory negligence of the owner of such team. Suppose again that this same team while running

24—10 KAS.

furiously down the street had frightened some other team, which with equal negligence was standing untied and unguarded—that the first team should then be stopped, and this second team should have caused the injury complained of—would it then be said that the defendants below had caused the injury, and were liable in damages therefor? Would it not rather be said that the negligence of leaving those teams unsecured and unguarded was the natural and proximate cause of the injury, and hence defendants below not liable? Clearly, defendants below were not answerable for the negligent acts of others in leaving their teams untied in the public streets. It certainly cannot be a *natural* consequence of the fright or negligence of the first team that twenty others should be met on the way by it, or other teams which it had frightened, and some injury befall the twentieth team, but rather an *incidental* or *accidental* consequence; and if not a *natural* consequence then there is no liability on the part of the stage company. Neither was it a *natural* consequence of the act of the stage company, even supposing that act to have been negligent, that the team of plaintiffs below should run against a post or building and be thus injured.

*McComas & McKeighan,* for defendants in error:

1. The plaintiffs in error claim that the petition in the court below charges a direct trespass committed by the *servants* of the plaintiffs in error of their own willful act and intent, and that therefore the master is not liable. We think the petition, taken as a whole, shows that this injury was produced by the *fault* and carelessness of the servants of the plaintiffs in error in the prosecution of their employment. If this is so then there is no need of examining the authorities cited to show "that a master is liable for the fault or negligence of his servant, but not for his willful wrong."

2. Plaintiffs in error contend next, that the injury complained of was not the proximate effect of the acts of the defendants below. It seems to us that there is a logical inconsistency in these two positions: 1st, It was a direct

trespass, "a willful wrong," on the part of the servants of this stage company; 2d, The injury is too remote and contingent to make the company liable. The definition of the court below as to the meaning of the expression " proximate cause," is correct. Shear. & Redf. on Neg., § 10. If the careless driving of the servants of the stage company caused the team at Drake's corner to become frightened and unmanageable, and to run into the team of the defendants in error, the stage company is liable. This is the doctrine stated in Shear. & Redf., § 304. And see the case of *Burnham v. Butler*, 31 N. Y., 480; *McGrew v. Stone*, 53 Penn. St., 436.

3. The counsel for the plaintiff in error insists in this case in effect that the court should have instructed the jury, if the negligence of the owner of the team hitched in front of Drake's store contributed to this injury that then the plaintiff could not recover. But no authority is cited as sustaining this view of the case. The charge of the court was correct. The bill of exceptions does not give the whole of the evidence, and this court will presume that the verdict of the jury was in accordance with the facts proven.

The opinion of the court was delivered by

KINGMAN, C. J.: The petition in error in this case prays for a reversal of the judgment, and assigns as causes of error three grounds as follows:

" 1st. That the court erred in its instructions given to the jury.

" 2d. That the court erred in admitting the evidence of the plaintiffs, to which plaintiffs in error objected.

" 3d. That the judgment was given for Emmert and Cormany, when it ought to have been for Barlow, Sanderson & Co."

Upon an inspection of the record we find that but a portion of the charge of the court is preserved, and no exception whatever was made to any part of it, or to the whole of it. It is not necessary to give reasons for again deciding that under such circumstances this court will not examine the charge of the court. The defendants (plaintiffs in error) asked

one instruction which the court refused to give. To the refusal of the court to give this instruction exceptions were duly made, but this refusal is not made a cause of error in this court, and therefore cannot be passed upon. As to the second error alleged, it is only necessary to say that there does not appear to be any of the evidence that was offered on either side that was objected to. But one possible question can be considered in this case under the third assignment of error, and that is, does the petition state facts sufficient to constitute a cause of action? No point was made in the court below, either by demurrer, or by objection to evidence, or in any other way, to the sufficiency of the petition. The defect claimed here is, that the petition charges a direct trespass committed by the servants of the defendants of their own willful and wicked intent, and that therefore the master is not liable. It is a sufficient answer to this to say that the petition does not so state, but taken as a whole it avers that this injury was produced by the fault and carelessness of the servants of the defendants, in the prosecution of the business in which they were employed. It is the *defendants* themselves that are charged with the fraudulent and wicked intent, and not their servants. The record does not purport to contain all the evidence, but so far as it appears seems to justify the verdict rendered. For the reasons given the judgment is affirmed.

All the Justices concurring.