## ROYAL TUEL v. HOMER WESTON.

### *Master and Servant.*

Defendant put a bag containing barley into his wagon under his shed. In two or three days thereafter, his hired servant took the bag from the wagon, supposing it to contain oats, and carried it to a place where he was drawing logs for his master, to feed his horses with its contents. Finding his mistake, the servant fed some of the barley, and then put an iron bolt that he had been using as a clevice pin, into the bag, and carried the bag home and put it into the wagon where he found it, with the barley and bolt in it, without informing his master of what he had done. Soon after, the defendant, not knowing what his servant had done, nor that the bolt was in the bag, filled the bag with ears of corn, and carried the corn to plaintiff's mill, to be ground, and in grinding, the bolt got into the corn-cracker and injured it. *Held,* that defendant was liable for the carelessness of his servant.

CASE. The declaration alleged that defendant carried a quantity of corn on the cob to plaintiff's mill, to be ground, and that, by the fault and neglect of defendant, there was an iron bolt hidden therein, whereby, when said corn was being ground, the plaintiff's corn-cracker was greatly damaged, and plaintiff thereby deprived of receiving tolls, &c. Plea, the general issue, and trial by jury, May term, 1873, BARRETT, J., presiding.

The plaintiff gave evidence tending to prove the declaration. The defendant showed that he was a farmer in Weathersfield, and had put some barley into a bag, to sow ; that after he had sowed what he desired, there was a little left in the bag. which he put into a wagon under his shed ; that two or three days after, he took said bag with the barley in it, from the wagon, not knowing that it had been meddled with since he left it there, and filled it, and other bags, with corn on the cob, and carried the corn to plaintiff's mill to be ground ; and that plaintiff's son, who was not much used to attending mill, ground the corn while plaintiff was at dinner. The defendant called his hired man as a witness, who testified that he was at work for the defendant by the month at the time in question, and was then drawing logs to Windsor with a span of horses and a wagon ; that the iron clevice pin was broken, and he took the iron bolt in question to supply its place

until he.could get a new one made ; that he was in the habit of putting oats into bags every day, to carry to Windsor to feed his horses with, and that a few days before the corn was carried to mill, he took the bag with the barley in it, from the wagon under the shed, supposing it contained oats, and carried it to Windsor, and there found his mistake when he went to feed his horses, but gave a little of the barley to his horses, and having got a new clevice pin, put the iron bolt into the bag with the barley, and carried the bag home and put it back into the wagon under the shed where he found it, and did not inform defendant about his taking the bag or putting the bolt into it, until after the injury complained of. There was no evidence tending to show that defendant had any knowledge of what his hired man had done.

The defendant requested the court to charge the jury, that if they found that the hired man took the bag and put the iron into it without the knowledge or consent of the defendant, defendant would not be liable, and was not guilty of any want of care. The court refused to charge as requested, but charged that if it was an act of carelessness on the part of defendant's hired man— carelessness with reference to the use to which the bag would be likely to bo and was put in carrying the corn to mill —to put the iron into the bag, and leave the bag as he did, without making mention of it to defendant, defendant would be responsible for it, and if thereby plaintiff's mill was injured, plaintiff was entitled to recover therefor ; that if the jury failed to find that, then they would inquire whether it was the exercise of such care as men of prudence ordinarily exercise in such business, to carry such a grist to mill without knowing it was clear of such an iron ; that if such care would ordinarily see to it in such business, that such an iron was not in the grist, then it was carelessness on the part of defendant to put and carry the corn to mill in a bag with the iron in it, and the defendant would be responsible for the damage done thereby to the plaintiff's mill ; that the court meant by the term carelessness, the failure to exercise that kind of care which prudent men ordinarily exercise in reference to the same matters under the same circumstances. In all other respects the charge was such as the case called for, and was not excepted to. To

the refusal to charge as requested, and to the charge as recited, the defendant excepted. Verdict for the plaintiff.

*Dean & Sawyer,* for the defendant, cited *Scott* v. *The Mayor of Manchester,* 38 Eng. Law & Eq. 477 ; *Steele* v. *South Eastern R. R. Co.* 32 Ib. 366 ; *Wilson* v. *Beverly,* 2 N. H. 548 ; *Church* v. *Mansfield,* 20 Conn. 284.

———— ———— for the plaintiff, cited 1 Parsons Cont. 38, 62, 87 ; 2 Greenl. Ev. §§ 59, 68 ; Hilliard Torts, 432 *et seq. ; Barber* v. *Britton & Hall,* 26 Vt. 112 ; *Hill* v. *Morey,* 26 Vt. 178 ; *Lyons* v. *Martin,* 8 A. & E. 512 ; *Toles* v. *Brown,* 8 Pick. 23.

The opinion of the court was delivered by

PIERPOINT, Ch. J. We think there can be no question that the defendant, under the circumstances stated in the bill of exceptions, is responsible for the consequences of the act of his hired man in putting the iron bolt into the bag containing the barley. The bolt had been used by him as a substitute for the clevice pin which had been broken. After obtaining a new clevice pin, he took out the bolt and put it in the bag with the barley, as the most convenient and safe method of taking it home for the defendant. In doing this, he was acting within the scope of his employment, and in the discharge of his duty to the defendant. When the hired man got home, he put the bag, with the barley and bolt in it, in the place from which he took it, and did not inform the defendant that the bolt was in the bag. Afterwards, the defendant filled the bag with ears of corn, and took the whole to the plaintiff's mill to be ground, without knowledge that the bag contained the bolt. The defendant insists, that under the declaration and the facts developed, he cannot be made liable in this case. The declaration alleges personal negligence on the part of defendant in taking the bag of grain to the mill to be ground, containing the bolt. What would have been the effect under such a declaration if the hired man had put up the corn and taken the bag to the mill for the defendant, it is not necessary now to inquire. The defendant himself took the grain to the mill. His act was

the direct cause of the injury to the plaintiff. For that act he is responsible, and he cannot shield himself from that responsibility by showing that his servant was negligent in not informing him that there was a bolt in the bag. The injury resulted from the combined acts of the defendant and his servant, for both of which the defendant is responsible. We think there was no error in the county court in not charging as requested, nor in the charge as given.

Judgment affirmed.