Beer, J.
The plaintiff commenced his action in the court of common pleas of this county against the defendant, to recover damages for an alleged injury. The defendant demurred to the petition of the plaintiff, and the court sustained the demurrer. The plaintiff thereupon filed an amended petition, to which the defendant demurred, and the court sustained the demurrer. The plaintiff not desiring to plead further, the court rendered judgment upon the demurrer for the defendant. To reverse the judgment of the common pleas and the order sustaining the demurrer, the plaintiff has filed a petition in error in this court.
The amended petition, after alleging the corporate existence of the defendant, and that it controls and operates its railroad through the town of Hicksville, in this county, alleges that the wife of plaintiff bought a ticket of the defendant, which entitled her to be carried from Hicksville to Chicago; that she attempted to enter a passenger train, and being old and infirm and incumbered with baggage, was unable to do so; that while she was attempting to ascend the steps leading into the car, a servant of the defendant was standing by the steps, who was employed in the management of the train, and whose duty it was to assist and aid people who had purchased tickets of said defendant, to enter the train; that said servant, although well knowing the infirmity and inability of the plaintiff’s wife to ascend the steps and enter the car, failed, neglected and refused to render her any assistance ; that plaintiff then requested the said servant to detain the train until the plaintiff could assist his said wife to ascend the steps and enter the train, and that it was the duty of the said servant to detain the train until the plaintiff’s wife could safely ascend the steps and enter the train; that the plaintiff then and there, in the presence of said servant, aided and assisted his said wife to ascend said car-steps as rapidly as possible, and as soon as plaintiff’s wife had ascended said car-steps, the said servant caused said train to commence to move and continue to move; and that plaintiff in a rapid manner *506 assisted his said wife into the car, placed her baggage upon two seats nearest the door, and then hastened in a rapid but careful manner through the door to the platform of the car, and then descended the steps for the purpose of stepping from the train upon the station platform; and that as plaintiff attempted to step from said car-steps upon said station platform, said servant came rushing toward said steps, and struck his left shoulder against the left shoulder of the plaintiff, and then and there wrongfully and negligently pushed and forced said plaintiff, without any fault or negligence on the part of plaintiff, from said steps and under said train, and thereupon, through the careless, negligent and unskillful conduct of the defendant as aforesaid, the plaintiff was greatly injured; that he lost his arm, suffered great pain, was put to great expense, etc., to his damage in the sum of ten thousand dollars, for which sum he asks judgment.
Does this amended petition state facts sufficient to constitute a cause of action?
The averments of the petition are: That the servant whose negligence is complained of, was one of the agents and servants of the defendant, employed in the management of the train, whose duty as such servant and agent, was to aid and assist passengers to ascend the steps and enter the train; and further on he alleges it was the duty of said servant to detain the train until the plaintiff had assisted his wife to ascend the steps and enter the train. No 'other or further duty is alleged. Whether the servant was an engineer, fireman, brakeman or conductor, does not appear. The negligence .complained of is, that this servant rushed against the plaintiff and threw him under the train. Whether the servant was on the station platform when he rushed against plaintiff, or was on the cars when he rushed against him, does not appear. Whether the servant had charge of the station platform, or the platform of the cars, or the car steps where the plaintiff was injured, does not appear.
A master is responsible to a third person for the negligence of his servants in the course of their employment as such servant, to the same extent as if the act were his own. Shear. & *507 Redf. on Negl. sec. 59 ; 43 Mo. 377; 26 Ind. 70; 6 Cowen, 189; 40 Ind. 37; 74 Pa. St. 316; 77 Pa. St. 238; 71 N. Y. 285.
The plaintiff was not a passenger, and there was no contract, express or implied, to carry him safely. While it was the duty of the company to stop its train a sufficient length of time to allow passengers to alight therefrom in safety, it was under no obligation to wait on third persons, who voluntarily undertook to discharge the duty of a servant.
A corporation can only act through servants and agents. No one is liable for the negligence of another unless the latter is his agent or his servant. Shear. & Redf. on Neg., § 60; 6 N. Y. 435. This is the rule as to persons, and applies in all its force to corporations. A master is not responsible for the negligence of his servant which does not happen in the course or within the scope of his employment. Shear. & Redf. on Neg., § 62; 102 Mass. 111; 23 Pick. 24; 19 Iowa, 26; 19 Ohio St. 110 ; 42 Mo. 80; 37 N. Y. 249; 66 Mo. 572 ; Ib. 683.
A master is liable for the negligence of his servant only where the act complained of is wúthin the scope of the servant’s authority, Shear. & Redf. on Negl. sec. 63; 9 C. & P. 629 ; 3 C. & P. 167; Cricket v. McManus, 8 East., which is an early leading case on the subject. 1 Wend. 273.
Attention is called to Little Miami R. R. Co. v. Wetmore, 19 Ohio St. 110, where the court say in the syllabus :
“ A master is not responsible for the wrongful acts of his servant unless that act be done in the execution of his authority, express or implied. Beyond the scope of his employment, the' servant is as much a stranger to his master as any third person, and the acts of the servant not done in the execution of the service for which he was engaged, cannot be regarded as the act of the master.”
In the opinion of the court, Judge White says, on page 131:
“ The general rule as to the liability of the master for the wrongful acts of his servant is thus stated by Mr. Smith in his work on Master and Servant. ‘ A master is ordinarily liable to answer in a civil suit for the tortious or wrongful acts of his servant, if those acts are done in the course of his employment in his master’s service. The maxims applicable to *508 such cases being respondeat superior, and that before alluded to, quifacit per alium facitper se. This rule, with some few exceptions which will hereafter be pointed out, is of universal application; whether the act of the servant be one of omission or commission, whether negligent fraudulent or deceitful, or even if it be an act of positive malfeasance or misconduct, if it be done in the course of his employment, his master is responsible for it, civiliter, to third persons.’ Smith’s Master and Servant, s. p. 151.
“But to make the master responsible, the act of the servant must be done in the course of his employment; that is, under the express or implied authority of the master. Beyond the scope of the employment the servant is as much a stranger to his master as any third person, and the act of the servant, not done in the execution of the service for which he was engaged, cannot be regarded as the act of the master. Ib. s. p. 160; Shear. & Redf. on Negl. sec. 59, 62; Limpus v. London Gen’l Omnibus Co., 1 Hurl. & Colt. 541; Poulton v. London & S. W. R. R. Co., L. R. 2 Q. B. 535.”
The reason of the rule is this: The negligence which will authorize a recovery against a corporation, must be the negligence of the corporation. A corporation can only act through its agents and servants; such servants are natural persons, and of course, it cannot be held liable for every act of its servants. Thus, if an engineer leave his engine and injure another, the company is not responsible; but if he injure another while discharging his duty as engineer, the company is 'liable. In the one case, the engineer is not acting for the company. In the latter he is. In any case, if a servant negligently injure another while performing his duty to his master, the master will be liable. In the case of a corporation, the act complained of must be the'act of the corporation. The president and board of directors cannot be present and take charge of every train of cars; hence thejr employ conductors and empower them to take such charge. In such case, the conductor represents the company, and his act is the act of the company. The president and board of directors cannot be present and take charge of each engine; hence they employ engineers, who are to safely manage and control their engines, *509 and in doing this the engineer represents the co'mpany, and his act is the act of the company, and any negligence on his part, in the discharge of his duty as engineer, is the negligence of the company. The company may, by its rules, empower other servants to do and perform certain other acts in the running and managing of its trains, such as the care of baggage, assisting passengers on and off the train, stopping the train, etc. In the discharge of such duties, such servants represent the company, and their acts are the acts of the company. But the acts of such servants, done outside of their employment, are not the acts of the company. The company employs certain servants to do certain acts; if in the performance of those acts they are guilty of negligence which results in an injury to a third party, the company is liable, because the negligence of the servant is the negligence of the company — because the company negligently performed its duty through its servant. But if the servant of the company negligently injure a third person while he is not engaged in performing his duty as a servant of the company, the company is not liable, because his act is not the act of the company.
An engineer or fireman may carelessly permit a billet of wood to fall from an engine, while discharging their duty, and bj’ so doing injure a third person; in such a case the company would be liable, because the act of the servant-would be within the scope of his employment, and it would-be the act of the company. But if an engineer or fireman, while riding on a train as passengers, should throw a billet of' wood from the train and injure a third person, the company would not be liable, because in throwing the billet of wood they would not be acting in the capacity of servants of the' company; hence the act would not be the act of the company.-
In the case at bar, it is alleged that the injury complained of was occasioned by the negligence of a servant of the company; but it does not appear that the act complained of was-done while he was acting within the scope of his employment.. Whether he had charge of the station platform, the car platform, or the steps, is not alleged. It is alleged that it was his duty to assist persons to enter the train, and in-this-particular *510 case to detain the train until the plaintiff’s wife had time to enter the cars. The negligence complained of as, the cause of the injury, was not in the performance of either of these duties. The plaintiff was on the steps of the car. Whether rightfully or as a trespasser, the company was bound to exercise ordinary care to avoid injuring him. The act of the servant constituting the negligence complained of, is not shown to have been done while- he was acting within the scope of his employment; hence it does not affirmatively appear that his act was the act of the company, and his negligence that of the company. And if the plaintiff can only recover for the negligence of the company, it follows that the petition does not state facts sufficient to constitute a cause of action against the defendant.
L. B. Peaslee, for plaintiff.
Henry Newbegin, for defendant.
The court therefore did not err in sustaining the demurrer to the amended petition and in rendering judgment for the defendant.
The judgment of the court below will be affirmed.